**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NUMBER: _____**

**SHIMAN BEN DAVID,**

       **Plaintiff,**

**v.**

**CITY OF MIAMI BEACH,**
**a Florida Municipal Corporation,**
**ADRIEL DOMINGUEZ, RYAN**
**CHIN, REY AGUILAR and**
**OFFICER WISMIK,**

       **Defendants.**

_____/

## COMPLAINT

Plaintiff, SHIMAN BEN DAVID (hereinafter "PLAINTIFF"), sues Defendants, CITY OF

MIAMI BEACH (hereinafter "CITY"), ADRIEL DOMINGUEZ (hereinafter "DOMINGUEZ"),

RYAN CHIN (hereinafter "CHIN"), REY AGUILAR (hereinafter "AGUILAR"), and OFFICER

WISMIK (hereinafter "WISMIK") and says:

### GENERAL ALLEGATIONS

1.    The amount in controversy exceeds, exclusive of interest, costs and attorneys fees,

$75,000.00.

2.    At all times material hereto, Defendant, CITY, was and is a Florida municipal

corporation with its principal offices located in Miami-Dade County, Florida and is otherwise sui

juris.

3.    Defendant DOMINGUEZ was, at all ties material hereto, a police officer

(Detective) employed by the CITY.

4.    Defendant CHIN was, at all ties material hereto, a police officer (Detective)

employed by the CITY.

5.      Defendant AGUILAR was, at all ties material hereto, a police officer (Detective) employed by the CITY.

6.      Defendant WISMK was, at all ties material hereto, a police officer employed by the CITY.

7.      All conditions precedent to the bringing of this action have been satisfied, or waived.

8.      At all times material hereto, Defendant DOMINGUEZ acted in his individual and in the course and scope of his employment as an officer of the CITY. Relief is also sought against the Defendant DOMINGUEZ in his individual capacity as to counts of violation of civil rights.

9.      At all times material hereto, Defendant CHIN acted in his individual and in the course and scope of his employment as an officer of the CITY. Relief is also sought against the Defendant CHIN in his individual capacity as to counts of violation of civil rights.

10.      At all times material hereto, Defendant AGUILAR acted in his individual and in the course and scope of his employment as an officer of the CITY. Relief is also sought against the Defendant AGUILAR in his individual capacity as to counts of violation of civil rights.

11.      At all times material hereto, Defendant WISMIK acted in his individual and in the course and scope of his employment as an officer of the CITY. Relief is also sought against the Defendant WISMIK in his individual capacity as to counts of violation of civil rights.

12.      PLAINTIFF is a resident of Tarzana, California.

13.      At all times material to this complaint, Defendants CITY, DOMINGUEZ, CHIN, AGUILAR, and WISMIK acted toward the PLAINTIFF under color of the statutes, ordinances,

customs, and usage of the State of Florida, the CITY OF MIAMI BEACH, and the CITY OF MIAMI BEACH Police Department.

14.     PLAINTIFF has agreed to pay his undersigned attorney a reasonable fee for services herein.

15.     On or about August 25, 2022, Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK were in the course and scope of their employment as police officers of the CITY when they executed a search warrant on a CBD store called "Better Buds" which sold retail packaged CBD products at its retail store located at 631 Lincoln Road, Miami Beach, Florida 33139-2915.

16.     The CITY had instigated its powers against lawful CBD businesses seeking to eradicate them from its jurisdiction by secretly performing "buys" of the pre-packaged CBD products and having them lab-tested to attempt to show one or more of them contained a level of Delta 9 THC exceeding .3 so that the CITY could accuse each of the CBD stores of "selling narcotics" etc. and cancel their business licenses and forcing them out of the CITY altogether. Obviously, small variations in the Delt 9 THC levels of these pre-packaged CBD products, while technically violative of Florida law, do not compare to real marijuana.

17.     At any rate, PLAINTIFF was working in the Better Buds store on or about August 25, 2022 when the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK executed on a search warrant for the premises, cleaning out the store of all its merchandise, products, computers, computer cash registers, cash, surveillance cameras and DVD storage equipment in an effort to harm the Better Buds store to the greatest extent possible.

18.     At no time did the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK converse with PLAINTIFF during their execution of their search warrant at the Better Buds store.

19.     While in the process of executing on the search warrant for the Better Buds premise

the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK, lead by Defendant DOMINGUEZ, who was the lead detective on the scene and responsible for the "raid", handcuffed and arrested PLAINTIFF in front of his son, throwing him into the back of a police car.

20.    Indeed, PLAINTIFF does not speak English.

21.    At all times material to this action, PLAINTIFF had done nothing wrong, nothing illegal and had not failed or refused to follow the instructions of the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK at any time. Indeed, the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK never wrote or created a report regarding their handcuffing and arrest of PLAINTIFF.

22.    Notwithstanding the above, the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK transported PLAINTIFF to the Miami Beach Police Department where they falsely imprisoned him for a period of over seven (7) hours without advising him why they had arrested him and without being able to communicate with him until their police sergeant, Sergeant Bernard, found out about their actions ordered the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK to immediately release PLAINTIFF. The Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK followed Sergeant Bernard's orders, and immediately transported PLAINTIFF back to the Better Buds store location and dropped PLAINTIFF off at his car.

23.    No legal grounds including probable cause existed for the arrest of PLAINTIFF, and he was never booked or charged with any crime arising out of the Better Buds search warrant or his conduct that day.

24.    Defendant DOMINGUEZ later testified in the hearing regarding the CITY's action to revoke the Better Buds' Business Tax Receipt and Certificate that PLAINTIFF was never "arrested", "we detained him".

25.     At all times material to the PLAINTIFF's arrest and detention, he was not "free to go" and was never advised he was free to go at any time during the over seven (7) hours he was locked up in the Miami Beach Police Department building.

26.     That all of the actions by the Defendants, DOMINGUEZ, CHIN, AGUILAR, and WISMIK were committed without the consent of the PLAINTIFF who never consented to be arrested and detained under custodial arrest for over seven (7) hours without being booked, charged or advised why he was being arrested, etc.

**COUNT I – 42 USC 1983 CLAIM – FOURTH AMENDMENT VIOLATION AGAINST DEFENDANT DOMINGUEZ, INDIVIDUALLY**

27.     PLAINTIFF re-asserts and re-alleges the allegations set forth in paragraphs 1 through 26 herein as if verbatim.

28.     While Defendant DOMINGUEZ was acting under the authority of the State of Florida and under color of law as a law enforcement officer of the CITY, he subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional rights to be free from unlawful searches and seizures under the Fourth Amendment to the United States Constitution.

29.     As a direct and proximate result of the acts described above, in violation of 42 United States Code section 1983, PLAINTIFF was injured in and about his body and extremities, suffered pain therefrom, and the working abilities of PLAINTIFF were impaired. The injuries are either permanent or continuing in nature and PLAINTIFF will suffer the losses and impairment in the future. As a further direct and proximate result, PLAINTIFF has suffered grievously, has been brought into public scandal and with great humiliation, mental suffering and damaged reputation. As a further direct and proximate result, PLAINTIFF has suffered mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn

money, incurred attorney fees and other expenses, loss of earnings and loss of his freedoms and civil rights.

WHEREFORE, PLAINTIFF SHIMON BEN DAVID prays:

a.     Judgment for compensatory and punitive damages against Defendant DOMININGUEZ, individually;

b.     Costs of suit;

c.     Reasonable attorney's fees;

d.     Prejudgment interest;

e.     Trial by jury as to all issues so triable; and

f.     Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II – 42 USC 1983 CLAIM – FOURTH AMENDMENT VIOLATION AGAINST DEFENDANT CHIN, INDIVIDUALLY

30.     PLAINTIFF re-asserts and re-alleges the allegations set forth in paragraphs 1 through 26 herein as if verbatim.

31.     While Defendant CHIN was acting under the authority of the State of Florida and under color of law as a law enforcement officer of the CITY, he subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional rights to be free from unlawful searches and seizures under the Fourth Amendment to the United States Constitution.

32.     As a direct and proximate result of the acts described above, in violation of 42 United States Code section 1983, PLAINTIFF was injured in and about his body and extremities, suffered pain therefrom, and the working abilities of PLAINTIFF were impaired. The injuries are either permanent or continuing in nature and PLAINTIFF will suffer the losses and impairment in the future. As a further direct and proximate result, PLAINTIFF has suffered grievously, has been brought into public scandal and with great humiliation, mental

suffering and damaged reputation. As a further direct and proximate result, PLAINTIFF has suffered mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, incurred attorney fees and other expenses, loss of earnings and loss of his freedoms and civil rights.

WHEREFORE, PLAINTIFF SHIMON BEN DAVID prays:

a.   Judgment for compensatory and punitive damages against Defendant CHIN, individually;

b.   Costs of suit;

c.   Reasonable attorney's fees;

d.   Prejudgment interest;

e.   Trial by jury as to all issues so triable; and

f.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT III– 42 USC 1983 CLAIM – FOURTH AMENDMENT VIOLATION AGAINST DEFENDANT AGUILAR, INDIVIDUALLY

33.   PLAINTIFF re-asserts and re-alleges the allegations set forth in paragraphs 1 through 26 herein as if verbatim.

34.   While Defendant AGUILAR was acting under the authority of the State of Florida and under color of law as a law enforcement officer of the CITY, he subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional rights to be free from unlawful searches and seizures under the Fourth Amendment to the United States Constitution.

35.   As a direct and proximate result of the acts described above, in violation of 42 United States Code section 1983, PLAINTIFF was injured in and about his body and extremities, suffered pain therefrom, and the working abilities of PLAINTIFF were impaired. The injuries are either permanent or continuing in nature and PLAINTIFF will suffer the

losses and impairment in the future. As a further direct and proximate result, PLAINTIFF has suffered grievously, has been brought into public scandal and with great humiliation, mental suffering and damaged reputation. As a further direct and proximate result, PLAINTIFF has suffered mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, incurred attorney fees and other expenses, loss of earnings and loss of his freedoms and civil rights.

WHEREFORE, PLAINTIFF SHIMON BEN DAVID prays:

a.   Judgment for compensatory and punitive damages against Defendant AGUILAR, individually;

b.   Costs of suit;

c.   Reasonable attorney's fees;

d.   Prejudgment interest;

e.   Trial by jury as to all issues so triable; and

f.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV – 42 USC 1983 CLAIM – FOURTH AMENDMENT VIOLATION AGAINST DEFENDANT WISMIK, INDIVIDUALLY

36.   PLAINTIFF re-asserts and re-alleges the allegations set forth in paragraphs 1 through 26 herein as if verbatim.

37.   While Defendant WISMIK was acting under the authority of the State of Florida and under color of law as a law enforcement officer of the CITY, he subjected PLAINTIFF to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional rights to be free from unlawful searches and seizures under the Fourth Amendment to the United States Constitution.

38.   As a direct and proximate result of the acts described above, in violation of 42 United States Code section 1983, PLAINTIFF was injured in and about his body and

extremities, suffered pain therefrom, and the working abilities of PLAINTIFF were impaired. The injuries are either permanent or continuing in nature and PLAINTIFF will suffer the losses and impairment in the future. As a further direct and proximate result, PLAINTIFF has suffered grievously, has been brought into public scandal and with great humiliation, mental suffering and damaged reputation. As a further direct and proximate result, PLAINTIFF has suffered mental anguish, loss of capacity for the enjoyment of life, loss of ability to earn money, incurred attorney fees and other expenses, loss of earnings and loss of his freedoms and civil rights.

WHEREFORE, PLAINTIFF SHIMON BEN DAVID prays:

a.   Judgment for compensatory and punitive damages against Defendant WISMIK, individually;

b.   Costs of suit;

c.   Reasonable attorney's fees;

d.   Prejudgment interest;

e.   Trial by jury as to all issues so triable; and

f.   Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V – FALSE ARREST CLAIM AGAINST DEFENDANT CITY

39.   PLAINTIFF re-asserts and re-alleges the allegations set forth in paragraphs 1 through 26 herein as if verbatim.

40.   The arrest of PLAINTIFF by Defendants DOMINGUEZ, CHIN, AGUILAR, and WISMIK as an officers and agents of the Defendant CITY, was without probable cause.

41.    The actions by Defendant CITY in arresting PLAINTIFF without probable cause were taken in the absence of lawful authority.

42. The actions of Defendant CITY constitute false arrest of PLAINTIFF.

43.    As a direct and proximate result of Defendant CITY's false arrest of PLAINTIFF, PLAINTIFF has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

44.    As a further direct and proximate result of Defendant CITY's false arrest of PLAINTIFF, PLAINTIFF was arrested and subjected to detention for over seven (7) hours. PLAINTIFF has suffered grievously, has been brought into public scandal and with great humiliation, mental suffering and damaged reputation. As a further direct and proximate result of said negligence, PLAINTIFF has further suffered mental anguish, loss of capacity for the enjoyment of life, and loss of freedom.

WHEREFORE, PLAINTIFF, SHIMON BEN DAVID, prays in regard to the Defendant CITY:

a.    Judgment for compensatory damages in excess of $75,000.00 Dollars;

b.    Costs of suit;

c.    Prejudgment interest;

d.    Trial by jury as to all issues so triable; and

e.    Such other relief as this Honorable Court may deem just and appropriate.

**MIKE FINK LAW FIRM, P.A.**
Attorneys for Plaintiff
1500 Royal Palm Square Blvd., Unit 101
Fort Myers, Florida 33919
Telephone: (239) 939-1906
Facsimile: (239)939-1915
Primary email: eservices@mikefinklaw.net
Secondary email: mfink@mikefinklaw.net

By: /s/ Michael G. Fink
    **MICHAEL G. FINK, ESQ.**
    Florida Bar Number 0825743